(No. 1980— ▮▮▮▮▮▮)

SAMUEL M. CHILDRESS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1934.*

WILLIAM G. THON, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

The claim in question was filed September 7, 1932. Claimant seeks to recover damages and personal injuries received about 10 o'clock p. m., on July 4, 1931, in a collision occurring approximately two miles from Rantoul, Illinois, on State Bond Issue Route No. 25, between an automobile owned and driven by the son of claimant, in which claimant was a passenger, and an automobile owned by the State of Illinois and then and there driven by one Sergeant Roth of the State Highway Police, Division of Highways, Department of Public Works and Buildings of the State of Illinois. The undisputed proof shows that the two cars were travelling in opposite directions, and that Sergeant Roth had been drinking and was to some degree intoxicated at the time; that the claimant was injured and suffered damages both in medical treatment and loss of time during his recovery. The only evidence other than claimant's testimony and that of his son, John Childress, in regard to Sergeant Roth's condition or responsibility for the accident in question is the statement contained in his report to Walter L. Moody, Superintendent of State Police, under date of September 22, 1932, as found in the files of the Division of Highways of the State, wherein Sergeant Roth states, "I do not feel that I was responsible for the accident any more than the driver of their car was. * * * To the best of my belief, I was driving my car between forty-five and fifty miles per hour."

Neither the pleadings nor the facts in evidence, however, show any legal liability on the part of the State in this case. If the driver of the State owned car, Sergeant Roth, was guilty of negligence and such negligence was the proximate cause of the accident and the injury complained of, without contributory negligence upon the part of the driver of the Childress car, claimant has a cause of action against the one whose negligence caused the injury, but there is no legal liability upon the part of the State from the mere fact that the State owned the car which was being driven by the State employee. There is no evidence in the record that the driver of the State owned car was engaged in the performance of his duty as an employee of the State at the time the injury occurred, and the burden of making such proof was upon the claimant. But even if such proof had been made, the State would not be liable, for it has long been the settled law of this State, as declared by our Supreme Court and by repeated decisions of this court, that the State is not liable for injuries complained of by reason of the malfeasance, misfeasance or negligence of its officers or agents in the exercise of its governmental functions, in the absence of a Statute creating such liability. *Minear* vs. *State Board of Agriculture*, 259 Ill. 549. *Morrissey* vs. *State of Illinois*, 2 C. of C. R. 254. *Johnson* vs. *State of Illinois*, 2 C. of C. R. 165.

In the absence of a Statute making the State liable for damages caused by the negligence of the police officers in the performance of their duties, this court has no power or authority to legally make an award for such damages. The claim is denied and cause dismissed.